YetterColeman LLP

August 24, 2026

***Via ECF***
Judge Edmond Chang
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street, Courtroom 2341
Chicago, IL 60604

Re: *Grubhub Holdings Inc., et al. v. Visa Inc., et al.*, Case No. 1:19-cv-07273 (N.D. Ill.)

Dear Judge Chang:

We write on behalf of non-party Apple Inc. ("Apple") in accordance with the Court's July 9, 2026 order (Dkt. 181) governing the use of confidential materials at the September 16, 2026 trial and the subsequent order extending the time to respond to the Court's July 9 order (Dkt. 249). Apple has produced documents and provided testimony in connection with this case, including materials that it has designated as Confidential or Highly Confidential pursuant to the operative Protective Order. Apple seeks to protect from public disclosure at trial certain documents and designated deposition testimony identified by the parties for potential use at trial. Disclosure of these documents and deposition designations would cause Apple, a non-party, significant harm vis-à-vis competitors in the highly competitive payments space.

The confidential information Apple seeks to seal meets the standards established by the Seventh Circuit and courts in this District for protection from public disclosure. *See In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) (denying request to seal *party* documents proffered by the parties at summary judgment that would "affect the disposition of federal litigation") (emphasis added); *United States v. Deere & Company, et al.*, No. 1:16-cv-08515, ECF No. 204 (N.D. Ill. March 9, 2017) (Chang, J.) (granting uncontested non-party motions for protective orders and holding that identified exhibits will remain under seal at trial); *FTC v. OSF Healthcare Sys.*, 2012 WL 1144620, at *4 (N.D. Ill. Apr. 5, 2012) (protecting from public disclosure exhibits containing "contract negotiations and strategies, contract terms, and pricing information," finding that disclosure would give "competitors an unfair advantage.").

Apple seeks to seal the following exhibits identified on Defendants' and Plaintiffs' exhibit lists in their entirety:

| | | |
|---|---|---|
| DTX-2567 | DTX-1744/PTX-988 | DTX-2949 |
| DTX-2947 | DTX-2889/PTX-989 | PTX-0995 |
| PTX-0986 | DTX-2948 | DTX-3181 |
| PTX-1003 | DTX-3028 | |

Apple also seeks to seal the attachments to DTX-2548 and DTX-943/PTX-0985, but Apple does not seek to seal the cover emails to DTX-2548 and DTX-943/PTX-0985.

The above-listed documents contain precisely the type of nonpublic financial and commercial information that courts have recognized warrants protection from public disclosure. The majority of the documents are highly negotiated commercial agreements between Apple and Visa or Mastercard, containing highly sensitive terms and fee structures—many of which are still in effect—whose public disclosure would harm Apple in future negotiations with network and issuer partners as well as disadvantage Apple vis-à-vis competitors in the payments space.

Other documents include Apple's internal strategic assessments related to Apple Pay, negotiation strategy with network partners, and Apple Pay product-development information that have not been shared publicly. While certain of these strategic documents and agreements were created or entered closer to Apple Pay's launch, they nonetheless reflect sensitive commercial terms and product and negotiating strategies that are still in use today, and therefore remain sensitive. Their disclosure would provide Apple's competitors "an unearned competitive advantage" over Apple and could significantly hinder Apple's future negotiations with network and other business partners. *See OSF Healthcare Sys.*, 2012 WL 1144620, at *4.

Apple also seeks to seal the following designated portions of the May 25, 2018 deposition of Rob Orgel:

| | | | |
|---|---|---|---|
| 15:4 | 71:24-74:25 | 152:9-153:19 | 238:6-240:15 |
| 45:11-20 | 75:15-76:24 | 157:19-158:10 | 266:17-267:14 |
| 45:22-46:10 | 77:18-78:1 | 158:18-159:5 | 268:12-269:11 |
| 46:12-21 | 78:9-82:3 | 159:19-161:11 | 280:8-283:19 |
| 46:25-47:6 | 82:10-16 | 161:24-162:13 | 293:11-15 |
| 47:9-48:8 | 83:2-9 | 163:16-165:2 | 294:16-295:16 |
| 49:1-15 | 83:15-24 | 173:14-174:15 | 298:18-300:15 |
| 51:24-54:7 | 84:20-85:4 | 179:6-180:16 | 301:17-303:5 |
| 54:13-56:3 | 87:15-89:12 | 217:6-12 | 303:18-307:15 |
| 57:16-58:7 | 112:17-23 | 235:2-7 | 308:13-309:20 |
| 58:13-60:11 | 141:3-14 | 235:14-24 | 311:18-312:16 |
| 64:1-66:24 | 146:17-147:2 | 236:18-237:7 | |

Apple's proposed redactions to Mr. Orgel's designated deposition testimony are targeted to address commercially sensitive discussions, including those related to Apple's negotiation strategy with network partners, internal financial analyses and related product decisions, confidential agreement terms, competitive strategy, and issuer-specific commercial information. Disclosure of this testimony would unfairly prejudice Apple's business interests and competitive position in the payments space. Much of Mr. Orgel's testimony pertains to trade secrets,

commercial terms, and internal strategies that are still in use today, and therefore their disclosure could give Apple's competitors an unearned advantage and harm Apple in future negotiations with business partners.

Without more information about how Plaintiffs and Defendants intend to use these documents—for example whether they solely intend to introduce them through witnesses to prove the existence of the agreement or whether they intend to elicit detailed testimony regarding particular terms in the agreements— Apple cannot take a position that the Court's July 9, 2026 proposal regarding the maintenance of confidential information is sufficient. *See* ECF No. 181.

Given the particular sensitivity of the above-listed documents and designations, Apple thereby requests that the courtroom be sealed when and if the above-mentioned exhibits or designated testimony are entered into evidence or presented to the jury. Apple does not see a way to present Mr. Orgel's testimony or for Parties to question witnesses about particular terms or strategic decisions in the above-referenced exhibits without revealing their content. Mistakes can and are made at trial and Parties and/or witnesses could inadvertently allow Apple's confidential and competitively-sensitive information to be disclosed to the public. Apple believes that, only by sealing the courtroom can it guarantee its sensitive commercial information will not be inadvertently disclosed.

However, to the extent the Parties merely intend to introduce Apple's confidential materials for a limited purpose and without eliciting testimony regarding the confidential information contained therein, Apple believes that the Court's proposed safeguards should be sufficient: i.e., that the Parties craft questions to elicit testimony in a way that does not openly reveal confidential information and exhibits be displayed only to witnesses, counsel, the Court, and the jury.

We appreciate the Court's consideration of these important issues.

Sincerely,

Tracy N. LeRoy

cc: All Counsel of Record (Via ECF)