**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BELK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VISA INC., *et al.*,<br><br>Defendants. | Case No.: 1:19-cv-07273<br>Honorable Edmond E. Chang |

# JOINT PROPOSED PRETRIAL ORDER

The parties respectfully submit this Joint Proposed Pretrial Order pursuant to this Court's Standing Order Governing Proposed Pretrial Orders and the case schedule set by this Court.

## I. JURISDICTION

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1337 because this action arises under Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 4 of the Clayton Act, 15 U.S.C. § 15(a).

## II. TRIAL ATTORNEYS

### A. For Plaintiff Belk

**VORYS, SATER, SEYMOUR AND PEASE LLP**
Kimberly Weber Herlihy
Alycia N. Broz
Kenneth J. Rubin
Robert N. Webner
Timothy B. McGranor
Kara M. Mundy
Mitchell A. Tobias
Danielle S. Rice
Henry J. Moseley
Hannah E. Muller
52 East Gay Street
Columbus, Ohio 43215
(614) 464-6400

kwherlihy@vorys.com
anbroz@vorys.com
kjrubin@vorys.com
rnwebner@vorys.com
tbmcgranor@vorys.com
kmmundy@vorys.com
matobias@vorys.com
dsrice@vorys.com
hjmoseley@vorys.com
hemuller@vorys.com

**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**
Christopher T. Grohman
71 South Wacker Drive, Suite 1600
Chicago, IL 60606-4637
(312) 212-4943
cgrohman@beneschlaw.com

**B. For Defendant Visa[1]**

**HOLWELL SHUSTER & GOLDBERG LLP**

Michael S. Shuster
Demian A. Ordway
Benjamin F. Heidlage
Jayme A. Jonat
Priyanka Timblo
Andrew C. Indorf
Charlotte Baigent
425 Lexington Avenue
New York, NY 10017
Tel: (646) 837-5151
mshuster@hsgllp.com
dordway@hsgllp.com
bheidlage@hsgllp.com
jjonat@hsgllp.com
ptimblo@hsgllp.com
aindorf@hsgllp.com
cbaigent@hsgllp.com

[1] Includes Visa Inc., Visa USA, Inc., and Visa International Services Association (collectively “Visa”).

**ARNOLD & PORTER LLP**

Anne P. Davis
Matthew A. Eisenstein
Rosemary Szanyi
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
(202) 942-5000
anne.davis@arnoldporter.com
matthew.eisenstein@arnoldporter.com
rosemary.szanyi@arnoldporter.com

Valarie Hays
300 North LaSalle Drive
Suite 3500
Chicago, IL 60654
(312) 583-2300
valarie.hays@arnoldporter.com

**C. For Defendant Mastercard**[2]

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

William B. Michael
Brette Tannenbaum
Crystal Parker
Nina Kovalenko
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
wmichael@paulweiss.com
btannenbaum@paulweiss.com
cparker@paulweiss.com
nkovalenko@paulweiss.com

Donna Ioffredo
Paul Brachman
Lisa Danzig
2001 K Street NW
Washington, DC 20006-1047
(202) 223-7300
dioffredo@paulweiss.com

[2] Includes Mastercard Incorporated and Mastercard International Incorporated (collectively "Mastercard").

pbrachman@paulweiss.com
ldanzig@paulweiss.com

## III. CASE STATEMENT

The parties have not been able to reach agreement on a case statement. Defendants object to parts of Plaintiff's proposed statement as inaccurate and misleading, including because Plaintiff's proposal improperly suggests coordinated action between Visa and Mastercard (which Plaintiff does not allege and will not attempt to prove), describes the relevant antitrust market in a manner that violates the U.S. Supreme Court's instruction in *Ohio v. American Express Co.*, 585 U.S. 529 (2018) (the "Amex case"), and describes class-action litigation against the Defendants that is unfairly prejudicial and has no bearing on the Plaintiff's claims. Plaintiff disagrees with Defendants' position that their case statement is inconsistent with the Amex case, and believe that information regarding the reason for the length of the period at issue in this case is important context for the jury and would not be prejudicial.

Plaintiff objects to Defendants' proposed description of Defendants' position with respect to the characterization of "acquiring banks" as "merchants' own banks," and does not agree to Defendants' proposed edits to Plaintiff's proposed statement. Accordingly, the parties provide each of their proposed statements below and so that they may be discussed at the final pretrial conference.

### A. <u>Plaintiff's Proposed Case Statement</u>

The plaintiff, Belk, Inc. ("Belk")—is a merchant. The defendants are Visa Inc., Visa U.S.A. Inc., and Visa International Service Association (collectively "Visa") and Mastercard Incorporated and Mastercard International Incorporated (collectively "Mastercard"). Visa and its member banks, on the one hand, and Mastercard and its member banks, on the other hand, have a collection of rules that plaintiff alleges unreasonably restrain trade. In particular, you will hear

discussion about Visa's and Mastercard's respective Honor All Cards rules, "default interchange" rules, and other practices that plaintiff believes constitute anticompetitive contracts between Visa and its members banks, on the one hand, and Mastercard and its member banks, on the other hand.

The Plaintiff contends that these rules have eliminated competition among competing member banks to lower fees charged to merchants, which has required Plaintiff to pay higher fees on transactions involving Visa and Mastercard credit and debit cards than it otherwise would have paid if competition had existed. The timeframe you will be hearing about covers the period from January 1, 2004 through today. The relevant period dates back to 2004 because, between 2004 and 2019, Plaintiff was a member of a class action filed against Visa and Mastercard related to the same conduct at issue in this case.

Defendants Visa and Mastercard dispute each aspect of Plaintiff's claims. Visa and Mastercard each contend that their rules and practices are procompetitive and pro-consumer, and that they did not make decisions about their rules and fees in concert with others but unilaterally and in competition with each other, other payment card networks, and other forms of payment. Visa and Mastercard contend that the challenged rules and practices balance the interests of and benefit all participants in their payment card networks, including merchants, cardholders, banks that issue cards to their customers, and acquiring banks. Visa and Mastercard thus contend that Plaintiff cannot prove anticompetitive conduct or injury, and has no right to damages.

**B. <u>Defendants' Proposed Statement</u>**

The plaintiff, Belk, Inc. ("Belk")—is a merchant. The defendants are Visa Inc., Visa U.S.A. Inc., and Visa International Service Association (collectively "Visa") and Mastercard Incorporated and Mastercard International Incorporated (collectively "Mastercard"). Visa and Mastercard each

have certain rules that Plaintiff alleges unreasonably restrain trade. In particular, you will hear discussion about Visa's and Mastercard's respective Honor All Cards rules, "default interchange" rules, and other practices that Plaintiff believes constitute anticompetitive conspiracies (i) between Visa and banks that issue Visa cards, and separately (ii) between Mastercard and banks that issue Mastercard cards.

The Plaintiff contends that these rules and practices have required Plaintiff to pay higher fees on transactions involving Visa credit and debit cards and Mastercard credit and debit cards than it otherwise would have paid. The timeframe you will be hearing about covers the period from January 1, 2004 through today.

Defendants Visa and Mastercard dispute each aspect of Plaintiff's claims. Visa and Mastercard each contend that their rules and practices are procompetitive and pro-consumer, and that they did not make decisions about their rules and fees in concert with others but unilaterally and in competition with each other, other payment card networks, and other forms of payment. Visa and Mastercard contend that the challenged rules and practices balance the interests of and benefit all participants in their payment card networks, including merchants, cardholders, banks that issue cards to their customers, and the merchant's own banks (called "acquiring" banks). Visa and Mastercard thus contend that Plaintiff cannot prove anticompetitive conduct or injury, and have no right to damages.

## IV. TRIAL LENGTH/NUMBER OF JURORS

The parties agree that this case will be tried to a jury. The parties have different positions on the number of jurors and other trial-related issues and set forth their positions below so that the issues may be addressed at the final pretrial conference.

### A. Plaintiff's Position

The trial is set for eight weeks, beginning on September 14, 2026, and will be bifurcated. The Plaintiff proposes the total number of trial days for the liability phase, including jury selection and deliberations, be 35 days. The Plaintiff proposes the total number of trial days for the damages phase, including deliberations, be 5 days.

For the liability phase, the Plaintiff proposes estimated time limits of 1.5 hours per side for opening statements, 2.5 per side for closing statements, including the initial closing statement and rebuttal by Plaintiff, 100 hours of witness examination for Plaintiff and 80 hours of witness examination for Defendants. For the damages phase, the Plaintiff proposes estimated time limits of 45 minutes per side for opening statements, 1.5 hours per side for closing statements, including the initial closing statement and rebuttal by Plaintiff, 12 hours of witness examination for Plaintiff and 10 hours of witness examination for Defendants.

The Plaintiff recommends that the Court empanel 8 jurors.

**B. <u>Defendants' Position</u>**

Defendants estimate that the trial will take 30-40 trial days. Defendants agree to Plaintiff's proposal of 1.5 hours per side for opening statements (for the Defendants, that time will be allocated between Visa and Mastercard). Defendants agree that Plaintiff be allotted 2.5 hours for closing arguments, to be divided between initial close and rebuttal, and that Defendants be allotted 2.5 hours for closing arguments (to be allocated between Visa and Mastercard). Defendants estimate that there will be approximately 190 hours of trial testimony, which should be divided equally between Plaintiff and Defendants. To the extent a damages phase is necessary, Defendants agree to Plaintiff's proposal of 45 minutes per side for opening statements (for the Defendants, that time is to be allocated between Visa and Mastercard). Defendants further agree that Plaintiff be allotted 1.5 hours for closing

arguments, to be divided between initial close and rebuttal, and that Defendants also be allotted 1.5 hours (to be allocated between Visa and Mastercard).

Given the complexity and length of the trial, Defendants respectfully suggest that a jury of twelve would be appropriate in this case. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 12.411 (2004) (observing that "many judges prefer seating twelve jurors, especially in complex cases" as "smaller juries may be less reliable"). In this case, the trial may involve approximately forty live witnesses and is set to last approximately two months. Courts have determined that a twelve-member jury is appropriate for cases of similar complexity and duration. *See, e.g.*, *Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, 1:11-cv-08808, Dkt. 316, Final Pretrial Conf. Tr. at 52-53, 111 (N.D. Ill. Oct. 3, 2023) (seating a twelve-member jury for a six-week antitrust trial with dozens of witnesses and noting the need for "a bigger group" in "a case of this magnitude"); *In Re Broiler Chicken Antitrust Litigation*, 1:16-cv-08637, Dkt. 6846, Pretrial Conf. Tr. at 12 (N.D. Ill. Sept. 8, 2023) (noting that a twelve-member jury was superior to an eight-member jury in a complex antitrust trial with the risk of losing jurors throughout trial); *see also BP Amoco Chem. Co. v. Flint Hills Res., LLC*, 697 F. Supp. 2d 1001, 1014 (N.D. Ill. 2010) (selecting jury of twelve for a nine-week trial with forty-one witnesses); *Target Corp. v. Visa Inc.*, 1:13-cv-03477, Dkt. 204, Conf. Tr. at 48-49 (S.D.N.Y. Apr. 7, 2025) (noting twelve jurors was appropriate for a previously scheduled trial against Visa and Mastercard arising from this same multi-district litigation). A jury of twelve will ensure that a representative jury remains empaneled at the conclusion of the trial, even if some jurors were excused during the proceedings.

## V. STIPULATIONS AND UNCONTESTED FACTS

The parties' stipulations and uncontested facts are attached as Exhibit A.

## VI. WITNESS DESCRIPTION LISTS

The parties' witness description lists are attached as Exhibits B (Plaintiff) and C (Defendants).

## VII. EXHIBIT CHARTS

The parties' exhibit charts are attached as Exhibits D (Plaintiff) and E (Defendants).

## VIII. DEPOSITION DESIGNATIONS

The parties' joint chart concerning deposition designations is attached as Exhibit F.

## IX. DAMAGES ITEMIZATION

Plaintiff's damages itemization is attached as Exhibit G.

## X. MOTIONS IN LIMINE

The parties' lists summarizing their contemplated motions in limine are attached as Exhibits H (Plaintiff) and I (Defendants). The parties have reached the following stipulations to address proposed motions *in limine*:

1. **Compensation and Wealth of Employee Witnesses**. The Parties agree that no evidence, testimony, argument, or reference of any kind shall be introduced, elicited, or made at trial pertaining to or concerning the compensation, salary, income, net worth, or personal wealth of any Party's or third party's employee witnesses or employees.
2. **Size or Resources of any Party's Legal Team**. The Parties agree that no reference shall be made at trial, whether in testimony, argument, questioning, or otherwise, to the size, number of attorneys or staff, or financial or other resources of any Party's legal team or counsel. Neither Party shall make any statement, ask any question, or introduce any exhibit that directly or indirectly references the composition, magnitude, or resources of any Party's legal representation.

3. **Evidence or Testimony Pertaining to Wright Express ("WEX").** On August 26, 2026, Plaintiff filed a Stipulation that the Parties agree not to introduce evidence or make argument mentioning WEX at trial, and Plaintiff withdrew its Motion No. 6 as moot. Dkt. 331.

## XI. VOIR DIRE QUESTIONS

The parties' agreed to and disputed voir dire questions are attached as Exhibit J.

## XII. JURY INSTRUCTIONS/VERDICT FORMS

The parties' agreed to and disputed jury instructions and verdict forms are attached as Exhibits K and L, respectively. In order to comply with item 12 of the Court's Standing Order Governing Proposed Pretrial Orders, the disputed instructions set forth the Plaintiff's proposed version of the disputed instructions, followed by a statement of Defendants' objection to Plaintiff's instruction and Defendants' proposed alternative instruction. The disputed verdict forms set forth Plaintiff's proposed forms, followed by a statement of Defendants' objection to Plaintiff's form and Defendants' proposed alternative forms.

Dated:

/s/ Kimberly Weber Herlihy

Kimberly Weber Herlihy
Alycia N. Broz
Kenneth J. Rubin
Robert N. Webner
Timothy B. McGranor
Kara M. Mundy
Mitchell A. Tobias
Danielle S. Rice
Henry J. Moseley
Hannah E. Muller
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215
Telephone: (614) 464-6400
kwherlihy@vorys.com

*Attorneys for Plaintiff Belk*

Respectfully submitted,

/s/ William B. Michael

William B. Michael
Brette Tannenbaum
Crystal Parker
Nina Kovalenko
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
wmichael@paulweiss.com
btannenbaum@paulweiss.com
cparker@paulweiss.com
nkovalenko@paulweiss.com

Donna Ioffredo
Paul Brachman
Lisa Danzig
2001 K Street NW
Washington, DC, 20006-1047
(202) 223-7300
dioffredo@paulweiss.com
pbrachman@paulweiss.com
ldanzig@paulweiss.com

*Attorneys for Defendants Mastercard Incorporated and Mastercard International Incorporated*

/s/ Michael S. Shuster

Michael S. Shuster
Demian A. Ordway
Benjamin F. Heidlage
Jayme A. Jonat
Priyanka Timblo
Andrew C. Indorf
Charlotte Baigent
425 Lexington Avenue
New York, NY 10017
(646) 837-5151
mshuster@hsgllp.com
dordway@hsgllp.com
bheidlage@hsgllp.com
jjonat@hsgllp.com

ptimblo@hsgllp.com
aindorf@hsgllp.com
cbaigent@hsgllp.com

Anne P. Davis
Matthew A. Eisenstein
Rosemary Szanyi
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
(202) 942-5000
anne.davis@arnoldporter.com
matthew.eisenstein@arnoldporter.com
rosemary.szanyi@arnoldporter.com

Valarie Hays
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
(312) 583-2440
valarie.hays@arnoldporter.com

*Attorneys for Defendants Visa Inc., Visa USA, Inc., and Visa International Service Association*