**EXHIBIT A – STIPULATIONS AND UNCONTESTED FACTS**

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BELK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VISA INC., *et al.*,<br><br>Defendants. | Case No.: 1:19-cv-07273<br><br>Honorable Edmond E. Chang |

**STIPULATIONS**[1]

## I. UNDISPUTED FACTS

### A. Terminology

1. A "payment card" allows the cardholder to use the card to make a purchase of goods or services. "Payment cards" include but are not limited to credit cards and debit cards.

2. "General-purpose payment cards" are payment cards that can be used wherever the particular network's card is accepted.

3. A "credit card" is a payment card that allows the cardholder to make purchases at merchants who accept that credit card. The card accesses a revolving line of credit from the institution that issued the credit card. A credit card can bear the brand of the network and, for bank-issued credit cards, the name of the issuing bank.

4. A "debit card" is a payment card that allows the cardholder to make purchases at merchants who accept that debit card. The card accesses funds in the cardholder's bank account (usually a checking account) of the bank that issued the debit card. A debit card can bear the brands of the bank and the network.

[1] Nothing in these stipulations waives any party's right to introduce and admit evidence concerning the subject matter of these stipulations at trial, and nothing precludes any party from doing so.

5. A "private label" card is a payment card that can be used to make purchases only from the merchant or merchants associated with the card.

6. A "rewards card" is a payment card that offers the cardholder benefits, such as airline miles or cash back, that are generated by the cardholder's use of the payment card to make purchases of goods or services.

7. "Co-brand cards" are payment cards issued by a bank pursuant to an agreement between the issuing bank and the merchant; in addition, the merchant has a separate agreement with the network, and the issuing bank has a separate agreement with the network for these cards. A co-brand card can bear the brands of the bank, the merchant, and the network.

8. A "digital wallet" is a software application or service that stores and transmits a payment credential for one or more payment types, including credit and debit cards.

## B. Parties

1. Plaintiff Belk, Inc. is a merchant that accepts Visa and Mastercard credit and debit cards. It may be referred to in this trial as "Belk."

2. Defendants include Visa International (f/k/a Visa International Service Association), Visa U.S.A. Inc., and Visa Inc. They may be referred to in this trial as "Visa." Visa is a digital payments company that provides transaction processing services.

3. Defendants include Mastercard Incorporated and Mastercard International Incorporated. They may be referred to in this trial as "Mastercard." Mastercard is a technology company in the global payments industry, and it operates a global payments network.

## C. Visa Rules

1. Visa establishes common operating rules to, among other things, govern the transfer of data and funds, establish safety and security protocols, and regulate the use of its brands and acceptance marks.

## D. Mastercard Rules

1. Mastercard prescribes common operating rules to, among other things, govern the transfer of data and funds, establish safety and security protocols, and regulated the use of its brands and acceptance marks.

## II. OTHER MATTERS

1. Visa's and Mastercard's rules and practices related to credit card and debit card transactions affect interstate commerce.

2. The relevant geographic market in this case is the United States of America.